David M. Kelly (admitted Pro Hac Vice)
Sara Copeland Parker USB #16130
**KELLY IP, LLP**
1300 19th Street, NW, Suite 300
Washington, D.C. 20036
Telephone:  (202) 808-3570
Facsimile:  (202) 354-5232
Email: david.kelly@kelly-ip.com
Email: sara.parker@kelly-ip.com

Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

*Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG,<br><br>Plaintiffs,<br><br>vs.<br><br>AMMAR ISSA, RHEINGOLD USA, LLC, and RHEINGOLD USA, INC.,<br><br>Defendants. | **PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING STIPULATED MOTION FOR ENTRY OF CONSENT JUDGMENT**<br><br>Case No. 2:19-CV-00220<br><br>U.S. District Judge Jill N. Parrish |

On September 4, 2019, the Court issued an Order (Dkt. 35) requiring the parties to file the exhibits to the Stipulated Motion for Entry of Consent Judgment (Dkt. 34) and brief certain issues regarding the scope of the permanent injunction. Pursuant to that Order, Plaintiffs BMW

of North America, LLC and Bayerische Motoren Werke AG (collectively, "BMW") file this Supplemental Brief. Concurrent with the filing of this Supplemental Brief, BMW submits the exhibits to the proposed order to the Stipulated Motion for Entry of Judgment, which are attached hereto as Exhibit A.

## ANALYSIS

Under the Lanham Act, district courts have the authority to grant injunctions "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent the violation of a trademark owner's rights. 15 U.S.C. § 1116. Granting permanent injunctive relief "is an act of equitable discretion by the district court." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). As shown below, in cases involving online trademark infringement, district courts have included in permanent injunction orders the requirement for third-party service providers to affirmatively act, including third parties of the same types involved here (e.g., ISPs, domain name registrars, financial institutions) to take action. Such relief is appropriate in cases of online trademark infringement because of the ease with which infringers can establish new websites, social media accounts, ISPs, merchant accounts, and the like in a matter of minutes.

Courts within the Tenth Circuit have recognized that full equitable relief in such trademark infringement cases may require ordering third parties with notice of a permanent injunction to act "[t]o give practical effect to the Permanent Injunction." *Entrepreneur Media, Inc. v. Spencer*, No. 1:17-CV-01637-RBJ, 2017 WL 6405810, at *7 (D. Colo. Dec. 15, 2017). For example, in *Entrepreneur Media*, the court found that defendants had infringed the plaintiff's trademarks. After "weighing all appropriate equitable factors applicable to this case," the court

issued a permanent injunction not only enjoining defendants from further violations of the plaintiff's trademark rights, but also requiring social media companies and domain name registrars to transfer to plaintiff any accounts or domain names held by defendants that were subject to the order. *Id.* at *6.

Other district courts have similarly required third-party service providers in online trademark infringement cases to affirmatively act as part of a permanent injunction in trademark cases. *See Better Keiki, LLC v. MairicoDirect*, No. 4:17-cv-00850, 2018 WL 5305571 (E.D. Texas Aug. 29, 2018) (ordering Amazon to disable defendant's seller IDs in order "[t]o give practical effect to the Permanent Injunction"); *Tapestry, Inc. v. 2012coachoutlets.com*, 1:17-cv-24561 (S.D. Fla. Aug. 7, 2018), Dkt. 28 (Exhibit B) (ordering domain name registrars to transfer domain names to plaintiffs and top-level domain registries to place domain names on hold); *Monster Energy Co. v. Zheng Peng*, No. 17-cv-414, 2017 WL 4772769 (N.D. Ill. Oct. 23, 2017) (ordering financial institutions and online merchant accounts to release funds from defendants' accounts to satisfy plaintiff's damages); *Damas S.P.A. v. Does*, 1:15-cv-4528 (S.D.N.Y. Feb. 4, 2016), Dkt. 15 (Exhibit C) (ordering PayPal to release funds from defendants' accounts to satisfy plaintiff's damages and ordering registrars of domain names to transfer domain names to plaintiff).

For example, in one recent online trademark infringement case, the district court entered a permanent injunction against defendants who sold counterfeit VOLKSWAGEN goods through online marketplace accounts. *Volkswagen AG et al. v. AA370HK, et al.*, No. 17-cv-09226 (N.D. Ill. Feb. 13, 2018) (Exhibit D). In addition to enjoining defendants from using Volkswagen's trademarks, the court ordered third-party service providers—including online marketplace

3

platforms, search engine and advertising providers, financial institutions, merchant account providers, payment processing service providers, and Internet search engines—to disable all services used by defendants "currently or in the future" to engage in the sale of infringing goods and disable defendants' payment and marketplace accounts except to pay to Volkswagen to satisfy any judgment. *Id.* at pp. 5-6.

      Here, the parties' stipulated injunction requires third-party service providers who receive actual notice of the order to act in order to give "practical effect" to the permanent injunction. Defendants' actions in this case make clear the necessity of requiring third parties to act. For example, it took almost a full year between the time BMW first filed a UDRP Complaint against Defendants and the time Defendants signed the settlement agreement in this matter, during which time BMW was irreparably harmed as Defendants attempted to thwart BMW's enforcement actions by registering and using new domain names and creating and using various new social media and online payment accounts after BMW's initial enforcement efforts. An order requiring online marketplace platforms, website hosting providers, ISPs, domain name registrars, social media platforms, advertising providers/vendors, financial service providers, and Secretary of State offices to disable, take down, or cancel Defendants' various infringing accounts, domain names, social media sites, and filings is necessary to ensure compliance with the injunction and that irreparable harm does not continue and to allow BMW to quickly take action against any new accounts, domain names, social media sites, or filings of Defendants that violate the permanent injunction. It also serves to ensure that no third party is later found to have violated this Court's order by acting in concert with Defendants by virtue of actions they may take to assist Defendants in violation of paragraph D of the proposed Consent Judgment.

## CONCLUSION

Based on the Court's inherent equitable power and the Lanham Act's recognition of the court's authority to prevent the violation of a trademark owner's rights, BMW respectfully requests the Court enter the Stipulated Motion for Entry of Judgment, including paragraphs E and F of the proposed order.

DATED this 13th day of September, 2019.

/s/ Juliette P. White

Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

David M. Kelly *(Pro Hac Vice)*
Sara Copeland Parker USB #16130
**KELLY IP, LLP**
1300 19th Street, NW, Suite 300
Washington, D.C. 20036
Telephone:  (202) 808-3570
Facsimile:  (202) 354-5232
Email: david.kelly@kelly-ip.com
Email: sara.parker@kelly-ip.com
**Attorneys for Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG**

4842-8088-1317v1

CERTIFICATE OF SERVICE

On this 13th day of September 2019, I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send an electronic notification to counsel of record for all of the parties.

/s/ Juliette P. White